UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES A. SLAVEN,

    Plaintiff,

v.   CASE No. 8:05-CV-2027-T-27TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] The Commissioner of Social Security, however, has moved to dismiss the action because it was not filed within the Social Security Act's time limits. Because the action was filed late and the untimeliness is not remedied by equitable tolling, I recommend that the motion to dismiss (Doc. 11-1) be granted, and the case dismissed.

I.

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

The plaintiff filed claims for Social Security disability benefits and supplemental security income in January 2002. The claims were denied initially and upon reconsideration. The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had the residual functional capacity to perform a full range of work activity up to, and including, heavy work, but was limited to performing simple repetitive tasks (Doc. 11-2, p. 12). The law judge concluded that this did not preclude the plaintiff from returning to past work (id.). Accordingly, the law judge ruled on September 25, 2003, that the plaintiff was not disabled (id. at p. 13).

The plaintiff requested review by the Appeals Council. On August 11, 2005, the Appeals Council denied the request for review and let the decision of the law judge stand as the final decision of the Commissioner (Doc. 1). That day a letter was sent to the plaintiff and his lawyer, informing them of the denial of the request for review. The letter advised the plaintiff that he could file a complaint in federal court within sixty days from the date of receipt of the letter, which was presumed to be five days after the date of the letter (Doc. 11-2, pp. 15,16). The plaintiff was also told that, for a good

reason, the Appeals Council would extend the sixty-day period for filing the complaint (id.).

On November 1, 2005, the plaintiff, through his attorney, filed his complaint seeking review of the Commissioner's final decision (Doc. 1). The Commissioner, thereafter, moved to dismiss the action, or, in the alternative, for summary judgment, based upon the failure to file the complaint within the sixty-day time limit (Doc. 11-1). That motion was accompanied by a declaration of a Social Security Administration official, who attached pertinent portions of the administrative record.

The plaintiff responded to the motion to dismiss or for summary judgment, and acknowledged that the complaint was filed late. He argued, however, that the complaint should not be dismissed because there was good cause to extend the time for filing, or that the time limit for filing the complaint should be equitably tolled because the delay in filing was caused by attorney error, rather than through any fault of the plaintiff (Doc. 13).

II.

Pursuant to 42 U.S.C. 405(g), a party seeking judicial review of a final decision of the Commissioner must commence a civil action within sixty days after notice of the decision. Notice of the decision is presumed to

be five days from the date of the decision. 20 C.F.R. 404.901, 416.1401, 422.210(c).

In this case, the final action leading to judicial review was the Appeals Council's denial on August 11, 2005, of the plaintiff's request for review of the law judge's decision. Both parties agree that the complaint, in order to be timely, must have been filed within sixty-five days of August 11, 2005, or by October 15, 2005 (Doc. 11-1, p. 2 and Doc. 13, p. 1). Both parties further agree that the action was filed on November 1, 2005 (id.).[2]

In an effort to overcome the tardiness of the filing, the plaintiff asserts that there was good cause for an extension of time to file the complaint (Doc. 13, p. 2). This argument is meritless because the "good cause" regulations cited by the plaintiff refer to the discretion given to the Appeals Council to extend the time to file a complaint. 20 C.F.R. 404.982, 416.1482. There is no indication that the plaintiff ever filed a request for an extension of time with the Appeals Council. Consequently, the "good cause" regulations relied upon by the plaintiff are clearly irrelevant to this matter. Furthermore,

---

[2]Since the complaint alleged that the letter advising of the denial of review by the Appeals Council was sent on August 11, 2005, and the parties do not dispute any of the pertinent dates, it is unnecessary to convert the motion to dismiss to a motion for summary judgment.

even if the plaintiff had unsuccessfully moved for an extension of time under those regulations, a denial of that motion would not be subject to review by this court.  Stone v. Heckler, 778 F.2d 645, 648 (11th Cir. 1985); Waller v. Commissioner of Social Security, 168 Fed.Appx. 919, 920 (11th Cir. 2006).

The plaintiff also seeks to extend the limitations period on the ground of equitable tolling.  The invocation of this doctrine is based upon "claimant's counsel's clerical mistake in filing the paperwork seventeen (17) days beyond the statute of limitations" (Doc. 13, p. 2; see id. at p. 3).

The Supreme Court has held "that the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations."  Bowen v. City of New York, 476 U.S. 467, 478 (1986).  Moreover, the Supreme Court concluded that, in an appropriate case, the limitations period may be equitably tolled.  Id. at 480-81.  However, it is the "rare case" where equitable tolling is warranted.  Id. at 481.

As indicated, the plaintiff bases his claim of equitable tolling on a "clerical mistake" by plaintiff's counsel in failing to file the complaint on time.  That type of allegation will not support equitable tolling.  Waller v. Commissioner of Social Security, supra, 168 Fed.Appx. at 921.  In Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990), the Supreme Court

stated that "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." The plaintiff's claim clearly falls into that category. See Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (attorney negligence is not a ground for equitable tolling).[3]

### III.

In sum, the plaintiff's complaint was filed too late. Moreover, that untimeliness cannot be overcome by principles of equitable tolling. Accordingly, I recommend that the motion to dismiss be granted and that the complaint be dismissed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCT. 18, 2006

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its

---

[3] The Commissioner in her motion notes that the plaintiff failed to effect service of the summons and complaint within 120 days of filing of the complaint, as required by Rule 4(m), F.R.Civ.P. (Doc. 11-1, p. 3 n.2). Although this failure could also provide a basis for dismissal, the Commissioner does not expressly request relief on that ground.

service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).